IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 14-323-4 |
| BRAHEEM EDWARDS | : | |
| | : | |

McHUGH, J.                                                              March 23, 2021

### MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582.

Petitioner Braheem Edwards is serving a ten-year term for his participation in a drug conspiracy. He has served approximately seventy-five percent of his sentence and avers that he would be eligible for release to a community corrections facility in approximately one year. He moves for release now based upon his vulnerability to COIVD-19, his wife's medical condition, which affects her ability care for their two sons, ages 10 and 12, and his record of rehabilitation while in prison.

I am persuaded that adequate grounds for relief has been established, and the motion will therefore be granted.

**I.      Mr. Edwards has established extraordinary and compelling reasons for release**

   **a.  Defining extraordinary and compelling reasons**

Under the First Step Act, courts may "reduce the term of imprisonment" and "may impose a term of probation or supervised release with or without conditions" upon consideration of factors in 18 U.S.C. § 3553(a) and a finding that "extraordinary and compelling reasons" warrant

1

reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1] Such a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define "extraordinary and compelling" reasons when it first authorized the Bureau of Prisons to allow compassionate release. The United States Sentencing Commission has defined the term within the U.S. Sentencing Guidelines (U.S.S.G.). U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018). According to the Guidelines, extraordinary and compelling reasons for compassionate release include "the death or incapacitation of the caregiver of the defendant's minor child." *Id.* cmt. n.1(C). The Guidelines also include a "catch-all" provision. *Id.* cmt. n.1(D) ("As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [previous] subdivisions.").

Since passage of the First Step Act, empowering District Courts to grant compassionate release in the first instance, the Guidelines have not been updated. A majority of courts considering the scope of the "catch-all" provision have concluded that it allows courts independently to determine whether extraordinary and compelling reasons exist. *See e.g. United States v. Adeyemi*, 470 F. Supp. 3d 489, 509-510 (E.D. Pa. 2020) (Kearney, J.) (finding that "the new compassionate release regime mandates concurrent authority between the courts and the Director of the Bureau of Prisons" and that courts are "not hamstringed because the Sentencing Commission has failed to update the pertinent guidance" due to lack of quorum); *United States v. Babbitt*, No. 18-384, 2020 WL 6153608, at *4 (E.D. Pa. Oct. 21, 2020) (Savage, J.) ("Now, the courts have the power to grant motions without the BOP's moving or approving them. To permit the BOP to define what reasons

---

[1] Petitioners must exhaust their administrative remedies before filing a motion. *See* 18 U.S.C. § 3582(c)(1)(A). Petitioner filed a petition with the Warden which was rejected on September 1, 2020. ECF 1221 at 6. He therefore has exhausted his administrative remedies. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

qualify for compassionate release would essentially give it a gatekeeping role, one that Congress took from it."); *United States v. Andrews*, No. 05-280-02, 2020 WL 4812626, at *3 (E.D. Pa. Aug. 19, 2020) (Robreno, J.) ("Many district courts have now weighed in on this question and they overwhelmingly conclude that a court can make an independent determination of what constitutes extraordinary and compelling reasons"); *United States v. Clausen*, No. 00-291-2, 2020 WL 4260795, at *5-6 (E.D. Pa. July 24, 2020) (Pappert, J.); *see also United States v. Augustin*, No. 00-0004, 2020 WL 6929522, at *3-4 (D.V.I. Nov. 24, 2020) (collecting cases); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) (finding that "based on the text, statutory history and structure, and consideration of Congress's ability to override any of the Commission's policy statements at any time . . . the Court can determine whether any extraordinary and compelling reasons other than those delineated in [the guidelines] warrant granting relief.") (internal quotations and citations omitted); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681-82 (N.D. Cal. 2019) (explaining that "Congress knew that the BOP rarely granted compassionate release petitions, and the purpose of the [First Step Act] was to allow defendants to file motions in district courts directly even after the BOP Director denies their petition" and thus concluding that courts can independently determine whether any extraordinary and compelling reasons exist other than those delineated in the guidelines).

On the record here, I conclude that the Guidelines themselves would justify Petitioner's release. But even if they did not, I conclude independently that Petitioner is entitled to relief.

**b. The combination of Mr. Edwards' vulnerability and his wife's medical condition give rise to an extraordinary and compelling reason**

The Government concedes that Mr. Edwards suffers from "a certain CDC risk factor," and that his condition "meets [the] test and permits consideration for compassionate release during the pandemic." Gov. Resp. at 11, ECF 1252.  Nevertheless, the Government argues that this condition does not warrant early release. *Id.*  I agree with the Government that standing alone, this factor would not suffice for release.  But an added underlying factor of significant importance is the condition of his wife, Tamekia Mathias.  Mr. Edwards alleges that she suffers from a cardiac condition that impairs her ability to care for her sons.  At my request the Probation Office interviewed Ms. Mathias to gain greater clarity.  By way of family history, Ms. Mathias reports that her mother died of a cardiac condition in her late twenties.  Both of her parents are deceased. Although records are limited, those supplied confirm that Ms. Mathias suffers from ventricular entropy, a condition causing irregular contractions of the heart.  To a limited degree, she suffers from irregular contractions of the atrium as well.  Clinically, such conditions correlate dizziness, headache, and heart racing and palpitations, which Ms. Mathias has reported to her physicians. She has undergone one catheter ablation, which uses electricity or radiofrequency energy in an attempt to create scar tissue that will neutralize the site of the abnormality, with limited success. She reports that another procedure has been recommended.  When she takes medication to combat the condition, it leaves her fatigued, but when she does not, her ability to cope is impacted by the symptoms of her condition.  The Court accepts that her condition presents challenges in the supervision and care of children ages 10 and 12.

Mr. Edwards notes that his father died of COVID-19 while Mr. Edwards was incarcerated, and that his mother is elderly and ill. He also represents that his other siblings are not fit or qualified to assist his wife in his place.

As the First Step Act is new, there is relatively little case law on this ground for compassionate release; understandably, the vast majority of motions under this statute seem to have been related to the COVID-19 pandemic. Nonetheless, decisions from other courts are consistent with my ruling here. When it can be shown that family members, including minor children, are in serious need of a defendant's caregiving, and other family members are afflicted by incapacitating illnesses courts have granted release. *See, e.g.*, *United States v. Kesoyan*, No. 2:15-236, 2020 WL 2039028, at *6 (E.D. Ca. Apr. 28, 2020) (granting motion where adult son was disabled and other family member caretakers had become incapacitated through sickness and substance abuse); *United States v. England*, No. 18-61, 2020 WL 4004477, at *3 (D. Mont. July 15, 2020) (granting release where grandparents' ability to care for infant was impacted by child's special health needs and grandparents' financial difficulties); *United States v. Kataev*, No. 16-763-05, 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) (granting release where child had cerebral palsy and leukemia, and child's mother was unable to provide care); *United States v. Vargas*, No. 88-325, 2020 WL 6886646, at *7 (S.D.N.Y. Nov. 24, 2020) ("Freed from the unyielding constraints of the Sentencing Commission's guidance, the Court credits [defendant's] wish to assist in the care of his sick mother in its assessment of extraordinary and compelling reasons.").

Where relief has been denied, it is typically where it is not clear that the caregiver's ability to function has been significantly impaired. *See, e.g. United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020) (Slomsky, J.); *United States v. Nunez*, No. 2:13-

00015, 2020 WL 5203429, at *2 (E.D. Ca. Sep. 1, 2020) (denying release where the caregiver suffered from diabetes, insomnia and hypertension but where there was no evidence as to incapacitation and where defendant's brother was cited in presentence report as a possible caregiver).

Finally, Mr. Edwards avers, and the Government does not dispute, that he has had an exemplary record while incarcerated. In that regard, he has completed his G.E.D., and participated in more than twenty programs. In granting the BOP the power to consider compassionate release, Congress specifically provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), a limitation that the Commission incorporated into its commentary on the Guidelines. § 1B1.13 cmt.3. But Mr. Edwards's rehabilitation can be considered together with the other factors discussed above. *See, e.g., United States v. Briggs*, No. 06-715, 2021 WL 872761, at *7 (E.D. Pa. Mar. 8, 2021) (DuBois, J) ("The Court therefore concludes that the severity of Briggs's sentence, combined with [his] marked rehabilitation and good behavior in prison, provides an extraordinary and compelling reason to grant [the] Motions."); *Vargas,* 2020 WL 6886646, at *7 ("There is ample precedent for courts to consider a defendant's rehabilitation as one of multiple factors warranting compassionate release, and here, where the Defendant's rehabilitation appears to be dramatic, the Court would be remiss to ignore it entirely."); *United States v. Phillips*, 469 F. Supp. 3d 180, 185 (S.D.N.Y. 2020) ("[R]ehabilitation remains relevant to whether there are extraordinary and compelling reasons for a sentence reduction.") (citations omitted).

In summary, I conclude that Mr. Edwards's risk factor, combined with his family situation and his extensive rehabilitation, meets the necessary standard to show that extraordinary and compelling circumstances exist.

## II.     Other Factors Weigh in Favor of Release

I have also considered other relevant statutory factors in granting this motion. The First Step Act mandates that I consider "the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

For release motions filed by the BOP, the Sentencing Guidelines require courts to consider both whether there are extraordinary and compelling reasons for release and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. SENT'G GUIDELINES MANUAL § 1B1.13. Although the Guidelines have not been revised since the First Step Act, judges have routinely evaluated these same factors in motions brought directly by defendants. The section 3142(g) factors include "the nature and circumstances of the offense," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. §3142(g)(1)-(4).

The crime to which Mr. Edwards pleaded guilty is a serious one, but he exhibited genuine remorse over his conduct from an early stage. As discussed above, he has had an exemplary record while incarcerated and has shown proof of rehabilitation. Here, Mr. Edwards' efforts towards rehabilitation carry significant weight. Defendant's wife is in Smyrna, Delaware, where he proposes to live, and I am reassured that he does not propose to return to Chester, where the conspiracy took place.

     I conclude that Mr. Edwards is not a danger to the community and has made the requisite showing for compassionate release. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
