IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 14-323-4 |
| | : | CIVIL ACTION NO. 20-2754 |
| BRAHEEM EDWARDS | : | |

McHugh, J.                                                                                                           April 15, 2021

**<u>MEMORANDUM</u>**

Petitioner Braheem Edwards seeks relief under 18 U.S.C. § 2255 based on the Supreme Court's *Rehaif* decision. For the reasons that follow, Mr. Edwards' petition will be denied.

**I.       Factual Background**

Mr. Edwards pleaded guilty in 2015 to several drug trafficking and related charges. *See* Judgment, ECF 1044. He also pleaded guilty to violating 18 U.S.C. § 922(g) for being a felon in possession of a firearm. *Id.*

On October 4, 2018, this Court sentenced Mr. Edwards to 120 months' imprisonment and six years of supervised release. *See* Judgment, ECF 1044. Due to the COVID-19 pandemic and compelling family circumstances, I ordered Mr. Edwards' early release from prison on March 23, 2021, with an order that he begin the six years of supervised release. *See* Order Granting Motion for Compassionate Release, ECF 1260.

**II.      Discussion**

Although he has been released from his term of imprisonment, Mr. Edwards is subject to the restrictions imposed by the terms of supervised release, and so his habeas petition is therefore

not moot. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Turning to the merits, in *Rehaif*, the Supreme Court held that in order to be convicted of 18 U.S.C. § 922(g), the United States must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 129 S. Ct. 2191, 2200 (2019). Mr. Edwards pleaded guilty to subsection (1) of § 922(g), which prohibits possession of a firearm by anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see* Judgment, ECF 1044. Mr. Edwards, petitioning *pro se*, seeks relief under *Rehaif* for this count, presumably arguing that the Government did not prove the necessary elements, as he pleaded guilty prior to the *Rehaif* decision. *See* Motion to Vacate, Set Aside, or Correct Sentence, ECF 1222.

The Government argues that pursuant to the concurrent sentence doctrine, I should not consider Mr. Edwards' petition. *See* Gov. Resp. in Opposition at 3, ECF 1240. Under this doctrine, courts may decline to review challenges to a conviction "when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). "The theory is that because the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility." *Id.*

Here, Mr. Edwards was sentenced to 120 months on a drug trafficking charge — the firearm possession charge therefore did not increase his sentence. *See* Judgment, ECF 1044. As mentioned above, Mr. Edwards has been released from prison and is now serving a six-year term of supervised release. At his sentencing, I clarified that the supervised release sentence consisted of: five years

for Count One, one year each for Counts 192, 212 and 216, six years for Count 194, six years for Count 236, five years for Count 204 and five years for Count 258, all to run concurrently. *See* Tr. Sent. Hearing at 33, ECF 1045. Count 258 charged Mr. Edwards with violating 18 U.S.C. 922(g), but all other Counts were related to drug trafficking and are thus unrelated to this *Rehaif* petition. *See* Second Superseding Indictment, ECF 264. Thus, Mr. Edwards' sentence of supervised release would not be affected by a grant or a denial of this habeas petition.

"The fact that a defendant may possibly suffer collateral consequences, such as impaired parole eligibility, has been cited as an objection to use of the [collateral consequences doctrine]." *Jones*, 802 F.2d at 1128. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that habeas petitioner was "in custody" for mootness purposes due to the "collateral consequences" resulting from his conviction); *United States v. LaPointe,* 690 F.3d 434, 439 n.1 (6th Cir. 2012) (declining to apply the concurrent sentence doctrine where the relevant conviction "may subject [the defendant] to future adverse collateral consequences including delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma.").

But as in *Jones,* "the record here contains no evidence of any such potential detriment to the petitioner." 802 F.2d at 1128. The Court is unaware of any collateral consequences that could be imposed on Mr. Edwards as a result of the § 922(g) conviction that would not exist as a result of the other charges to which he pleaded guilty.[1] For example, irrespective of this conviction, Mr. Edwards is prohibited from owning a firearm in the future since he served more than one year in

---

[1] For purposes of the concurrent sentence doctrine in the habeas context, the existence of a $100 special assessment associated with the § 922(g) Count does not suffice to establish that a petitioner is in "custody" and thus can receive habeas review. *See United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015). *Cf. Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam) (holding on a defendant's direct appeal that the concurrent sentence doctrine was inappropriate where the defendant was ordered to pay a $50 special assessment fee per Count).

3

prison for this offense, which included drug trafficking charges.  *See* 18 U.S.C. § 922(g)(1).  *See also Ross*, 801 F.3d at 382-83 (holding that collateral consequences could not suffice for purposes of "custody" in a habeas petition where no such collateral consequences had been identified and were "supported by nothing more than speculation.").[2]

Based on the record before me, the concurrent sentence doctrine is appropriate to apply. Accordingly, the habeas petition is denied.  An appropriate order will follow.

/s/ Gerald Austin McHugh
United States District Judge

---

[2] I note that Mr. Edwards did not receive a sentencing enhancement under 18 U.S.C. § 924(c) and so even in the event of a subsequent prosecution, he would not be subject to an enhanced sentence under § 924(c)(1)(C).